IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

    Petitioner,                              No. CIV S-03-1809 GEB DAD P

    vs.

DAVE GRAZINI, et al.,

    Respondents.                          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is confined at Napa State Hospital. He has filed a third amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1989 conviction and his plea of not guilty by reason of insanity. On March 7, 2005, the court denied without prejudice respondents' motion to dismiss this action as untimely. Respondents' response to the third amended petition is pending. Before the court is petitioner's motion for injunctive relief, filed on May 6, 2005.

        Petitioner contends that a petition has been filed by the El Dorado County District Attorney's Office to extend petitioner's commitment to Napa State Hospital for an additional two years pursuant to California Penal Code § 1026.5. The hearing is scheduled for June 10, 2005 and an attorney has been appointed to represent petitioner. Petitioner seeks injunctive relief to prevent the El Dorado County Superior Court from proceeding with the hearing and an order

1

preventing the El Dorado County Sheriff from transporting petitioner to the jail county jail. Petitioner contends that confinement at the El Dorado County Jail would be harmful to his health because of his medical disabilities and because the jail does not provide programming or treatment for mental health patients.  Petitioner also argues that the hearing should not be held until this court has ruled on petitioner's habeas petition.

Petitioner seeks injunctive relief against entities or persons that are not named as parties in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  In addition, petitioner is advised that his habeas action concerns his criminal conviction and his plea during the criminal proceeding; whereas, the commitment hearing concerns his continuing confinement at Napa State Hospital.  These are two separate matters. Petitioner should raise his concerns about his medical and psychiatric care at the county jail with his appointed counsel and if appropriate, pursue remedies in state court or in a civil rights action under 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's May 6, 2005 motion for emergency injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////
/////
/////
/////

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: May 13, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
atte1809.inj

3