IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

    Petitioner,                   2:03-cv-1809-GEB-DAD-P

  vs.

DAVE GRAZINI, et al.,

    Respondents.           <u>ORDER</u>

_____/

        Petitioner is proceeding pro se with a third amended petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, in which he challenges his 1989 conviction and his plea of not guilty by reason of insanity. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On May 13, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.

1

On May 17, 2005, petitioner filed documents titled, "Intrinsic Information Regarding Objections To Magistrate Judge's Findings and Recommendations," and "Revised Motion For Emergency Injunctive Relief, Against Presumably Proper Parties."[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 13, 2005, are adopted in full;

2. Petitioner's May 6, 2005 motion for emergency injunctive relief is denied; and

---

[1] In his "Revised Motion," petitioner renews his request for a court order prohibiting his confinement at the El Dorado County Jail during proceedings held in connection with the prosecutor's petition filed in the Superior Court seeking to extend petitioner's commitment. See Cal. Penal Code § 1026.5(b). The court agrees with the conclusion set out in the findings and recommendations that in this respect petitioner is seeking relief which is beyond the scope of this habeas action. As noted in the findings and recommendations, if petitioner is concerned regarding the conditions of his confinement at the county jail, he should raise them with his appointed counsel in the pending state court proceedings and present them to the state court (see California Penal Code § 1026(b)(5) and (6)) or, if appropriate, pursue a civil rights action under 42 U.S.C. § 1983 challenging the conditions of his confinement. He cannot do so in this habeas corpus action.

2

3.   Petitioner's May 17, 2005 revised motion for injunctive relief is denied.

Dated:   September 16, 2005

<pre>
                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge
</pre>